**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

STEPHEN M. GATES and ROBERT W.
WILNER,

        Plaintiffs and Counter-Defendants,

          v.                                             No. 03-CV-763
                                      (GLS/DRH)

JOHN W. WILKINSON; KEVIN DYEVICH;
M.P.L., LTD.; M.P.L., LTD., a Belize
Business Entity; WCW. INC.; LoTECH
SUPPORT SYSTEMS, LIMITED, a New
York Corporation as incorporated by
defendant Wilkinson; COMFORT DIRECT,
INC., a New Jersey Business Entity;
ATLANTIS MEDICAL, INC., a New Jersey
Business Entity; ATLANTIS MEDICAL, INC.,
a Vermont Business Entity; ATLANTIS
INDUSTRIES, a Bahamas Business Entity;
US SURFACE, INC. OF DELAWARE, a
Delaware Business Entity; and ATLANTIS
MEDICAL,

        Defendants and Counterclaimants.

_____

**APPEARANCES:**                        **OF COUNSEL:**

WILLIAM P. FANCIULLO, ESQ.
Attorney for Plaintiffs
61 Columbia Street
Suite 300
Albany, New York 12210

ROEMER, WALLENS & MINEAUX, LLP     MATTHEW J. KELLY, ESQ.
Attorney for Plaintiffs
13 Columbia Circle
Albany, New York 12203

DONALD T. KINSELLA, ESQ.
Attorney for Wilkinson Defendants
90 State Street
Suite 1440
Albany, New York 12207

LOMBARDI, REINHARD, WALSH         PAUL E. DAVENPORT, ESQ.
   HARRISON, P.C.
Attorney for Dyevich Defendants
Three Winners Circle
Albany, New York 12205

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Presently pending are the requests of plaintiffs Stephen M. Gates ("Gates") and

Robert W. Wilner and that of defendants John W. Wilkinson ("Wilkinson"), M.P.L., LTD.,

WCW, Inc., LoTech Support Systems, Limited, Comfort Direct, Inc., US Surface, Inc. of

Delaware, and Atlantis Medical [collectively referred to herein as the "Wilkinson

defendants"] for orders compelling disclosure of tax returns.  Docket Nos. 129, 130.  For the

reasons which follow, both requests are denied.


### I. Background

This law suit arises out of longstanding business relationships among plaintiffs and

defendants involving, <u>inter alia</u>, the design, manufacture, and sale of mattresses.  Am.

Compl. (Docket No. 25) at ¶ 1.  Generally, plaintiffs allege that by a variety of schemes

commencing in April 1994, defendants "obtained by fraud and stole valuable property and

money, believed to be many millions of dollars, from plaintiffs . . . ."  <u>Id.</u> at ¶ 2.  In an eighty-

eight page amended complaint with 350 numbered paragraphs, plaintiffs allege that

defendants deprived them of assets through various business entities and seek

compensatory and punitive damages as well as declaratory relief under the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 <u>et</u> <u>seq.</u> (RICO), and related

2

theories.  The Wilkinson defendants generally deny wrongdoing and assert fifteen counterclaims against plaintiffs seeking compensatory and punitive damages as well as declaratory relief on breach of contract, fraud, and related theories.  Am. Ans. (Docket No. 74) at ¶¶ 380-512.  Thus, the parties' pleadings have placed in issue the parties' sources and amounts of income as well as the financial transaction of their various related business entities.

On or about September 1, 2004, the Wilkinson defendants served plaintiffs with document demands which included in Demand Nos. 67 and 68 directions for both plaintiffs to produce "State, Federal and Foreign Income Tax Returns for 1992 to the present."[1]  On February 2, 2005, plaintiffs served Wilkinson with a document demand.  Demand No. 29 directed Wilkinson to "[p]rovide copies of your personal Federal and state income tax returns for the period of January 1, 1992 to date."  Both plaintiffs and Wilkinson objected to these discovery demands, all refused production, and the requests at issue herein for orders compelling production followed.[2]

## II. Discussion

Since 1977, tax returns have been described by statute as "confidential."  26 U.S.C. § 6103(a); see also Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71 (D. Conn. 2001).  Such confidentiality serves both to protect the privacy interests of taxpayers, see

---

[1]Tax returns were also demanded as parts of Demand Nos. 24 and 63.

[2]Plaintiffs also served discovery demands for the production of tax returns on defendant Kevin Dyevich.  Dyevich has not opposed that demand.  Fanciullo Letter-Brief (Docket No. 130) at 2.

Gattegno, 70 F.R.D. at 71, and "'the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.'" Aliotti v. Vessel Senora, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (quoting Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)).  Thus, a more stringent standard for discovery of tax returns applies than the general standard of relevance for discovery in Fed. R. Civ. P. 26(b)(1).

This more stringent standard is incorporated in a two-prong test, sometimes described as a qualified privilege, which must be satisfied for a court to compel disclosure of tax returns.  That test was first enunciated in Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964), requires that (1) the tax returns are relevant within the broad definition of relevance contained in Rule 26(b)(1), and (2) there exists a compelling need for disclosure of the returns because the information contained in the returns is not otherwise readily available.  See Bujnicki v. American Paving & Excavating, Inc., No. 99-CV-0646S(SR), 2004 WL 1071736, at *14 (W.D.N.Y. Feb. 25, 2004); Gattegno, 205 F.R.D. at 73; Hazeldine v. Beverage Media, Ltd., No. 94 CIV. 3466(CSH), 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997).  Thus, under the second prong, if the information contained in a tax return is otherwise available to a party from other sources, compelled production should be denied.  See Bujnicki, 2004 WL 1071736, at *14 (denying compulsion where information readily available from other financial documents); Gattegno, 205 F.R.D. at 73 (same); Hazeldine, 1997 WL 362229, at *4 (denying order compelling production of tax returns where information was available through deposition and "other less intrusive" discovery means).

The tax returns sought here by plaintiffs and the Wilkinson defendants may

4

reasonably be expected to contain information concerning financial relationships, sources and amounts of income, and related financial information.  That information is clearly relevant to the respective claims and defenses of the parties both as to liability and as to damages.  Both plaintiffs and the Wilkinson defendants have, therefore, satisfied the relevance prong of the test.

As to the compelling need prong, plaintiffs contend first that Wilkinson has engaged in a pattern of fraudulent activity involving an offshore corporation or account, money laundering, forgery, identity theft, and concealing assets.  Fanciullo Letter-Brief (Docket No. 130) at 1-2.  Wilkinson has denied such allegations.  These allegations are, of course, issues of fact for trial and cannot be assumed.  However, even assuming the truth of such allegations, they at most establish the relevance of Wilkinson's tax returns but not a compelling need.  This is particularly so where, as here, plaintiffs have demanded production of all other financial documents of the Wilkinson defendants for the same time period and the production of such documents has either been promised by the Wilkinson defendants or ordered by the Court.  Moreover, depositions have not yet been completed by plaintiffs.  Wilkinson's tax returns would appear cumulative of these underlying financial documents and of depositions.  As plaintiffs themselves indirectly concede, the production of tax returns for purposes of providing prior statements of Wilkinson to test or challenge his credibility fails to establish a compelling need.  See Fanciullo Letter-Brief at 4 ("Credibility and cross-examination are inadequate reasons to order disclosure.").  Moreover, the fact that the information sought by plaintiffs may be more easily accessible from tax returns than from depositions or other financial documents does not, without more, constitute a compelling need.

5

Second, plaintiffs contend that the Wilkinson defendants' inadequate responses to plaintiffs' discovery demands renders the financial information contained in Wilkinson's tax returns not readily available from any other source and create a compelling need for their production.  Fanciullo Letter-Brief at 2-3.  However, partial production of the discovery demanded has been made by the Wilkinson defendants and the remainder has been promised or ordered.  The discovery demands were served less than two months ago and seek virtually every financial document for the past decade and beyond in the possession of the Wilkinson defendants, presumably including bank statements, financial statements, records of income and assets, and the like.  Moreover, the depositions of Wilkinson and others associated with him have not yet been completed.  Until such discovery has been completed and an assessment can be made of the information readily available to plaintiffs from other sources, it is impossible in the circumstances of this case for any compelling need for Wilkinson's tax returns to be found.

Similarly, no compelling need exists for the Wilkinson defendants to obtain the tax returns of either plaintiff.  The Wilkinson defendants offer as a reason for seeking the returns a claim that they need to determine the sources of Gates' income regarding a particular entity.  Kinsella Letter-Brief (Docket No. 129) at 3.  Given the other discovery which appears to be available to the Wilkinson defendants from both depositions and document production, the information sought in plaintiffs' tax returns by the Wilkinson defendants appears readily available from those sources at this stage.

Thus, as to the request of both plaintiffs and the Wilkinson defendants, the information sought appears to be readily available from depositions and the discovery which has been or will be produced.  No compelling need for the production of tax returns by

6

these parties can be found at this time.  However, if a party believes that relevant

information is not readily and reasonably available after the completion of depositions and

document production, leave is granted to renew a request for the production of tax returns

at that time.[3]


### III. Conclusion

WHEREFORE, for the reasons stated above, it is hereby

**ORDERED** that the requests of plaintiffs (Docket No. 130) and the Wilkinson

Defendants (Docket No. 129) for orders compelling the production of tax returns are both

**DENIED** without prejudice to renewal after the completion of depositions and document

production.


**IT IS SO ORDERED.**

DATED:  April 5, 2005
            Albany, New York

United States Magistrate Judge

---

[3]Tax returns of any party will inevitably contain information which is not relevant to the pending action, including Social Security numbers, the identities of dependents, adjustments, credits, deductions, and the like.  Moreover, such returns may well have been filed jointly with a spouse and no spouse appears to be a party to this action.  Any information in a tax return concerning a spouse implicates the privacy interests of a non-party and would appear irrelevant in this case.  Thus, if any party renews his request for production of tax returns, such request should be speicific as to which portions of the tax returns are sought so that, if necessary, appropriate redaction can be ordered.