**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN M. GATES; ROBERT W. WILNER,**

                **Plaintiffs,**

        v.                                                                            **1:03-CV-763**
                                                                   **(GLS/DRH)**

**JOHN W. WILKINSON; KEVIN DYEVICH;**
**M.P.L, LTD; WCW, INC.; LOTECH**
**SUPPORT SYSTEMS, LIMITED; COMFORT**
**DIRECT, INC.; ATLANTIS MEDICAL, INC.,**
New Jersey; **ATLANTIS MEDICAL, INC.,**
Vermont; **ATLANTIS INDUSTRIES;**
**ATLANTIS MEDICAL,**

                **Defendants.**
_____
**LOTECH SUPPORT SYSTEMS, LIMITED;**
**M.P.L, LTD; WCW, INC.;JOHN W. WILKINSON;**
**ATLANTIS MEDICAL; US SURFACE, INC.**,

                **Counter Claimants**

        v.
**RUBBER UTILITIES, INC.; STEPHEN M. GATES;**
**ROBERT W. WILNER,**

                **Counter Defendants**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Office of William P. Fanciullo | WILLIAM P. FANCIULLO, ESQ. |
| 61 Columbia Street | |
| Suite 300 | |
| Albany, NY 12210 | |

**FOR THE DEFENDANTS:**
**Willkinson, M.P.L., Ltd.; WCW,Inc.,**
**Lotech; US Surface; Atlantis Medical;**
**Rubber Utilities,**
Office of Donald T. Kinsella                **DONALD KINSELLA, ESQ.**
90 State Street
Suite 1440
Albany, NY 12207

**Dyevich; Comfort Direct; Atlantis**
**Medical, Inc. (New Jersey); Atlantis**
**Medical, Inc., (Vermont); Atlantis**
**Industries,**
Lombardi, Reinhard Law Firm              **PAUL E. DAVENPORT, ESQ.**
Three Winners Circle
Albany, NY 12205

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION & ORDER

### I.   Introduction

Comfort Direct, Inc. and Atlantis[1] Industries, Inc., have moved to set aside a clerk's entry of default from November 10, 2004.  For the reasons that follow, defendants' motion is granted.

### II.   Background

---

[1] On July 12, 2005, this court granted Atlantis Medical, Inc.'s request to withdraw its application to lift the clerk's entry of default. See *Dkt. No.* 145.

2

This case was originally brought in the United States District Court in the Southern District. Plaintiff sued only three defendants, John Wilkinson, Kevin Dyevich, personally and M.P.L., Ltd. Upon service of the initial complaint, Dyevich hired attorneys who subsequently filed a motion to dismiss. Prior to the determination of the motion to dismiss, the Southern District transferred venue to the Northern District of New York.

Thereafter, and while the motion to dismiss was pending, the plaintiffs sought leave to file an amended complaint. On April 12, 2004, a motion hearing was held and Dyevich was informed that while he could represent himself, he could not appear *pro se* for the corporations. The court noted that none of the defendants had answered, and that Comfort Direct, Atlantis Medical[2] and Atlantis Industry were already in default.

The court extended the time to file an answer. Despite this extension, these corporations failed to answer and a clerk's entry of default was entered on November 10, 2004. On November 30, 2004, the defendant corporations filed this motion to set aside the default.

**III.    Discussion**

---

[2]Atlantis Medical withdrew its' motion to lift the default. *See Dkt. No. 145.*

3

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v Diakuhara*, 10 F.3d 90,96 (2d Cir. 1993). Rule 55(a) of the Federal Rules of Civil Procedure provides that a clerk shall enter a default when presented with an affidavit stating that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Niepoth v. Montgomery County Dist. Attorney's Office*, 177 F.R.D. 111, 112 (N.D.N.Y.,1998)(C.J. McAvoy). After entry of default, the defaulting party may move to set aside the entry for "good cause shown" pursuant to Fed.R.Civ.P. 55(c). Generally, the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

Courts in this circuit construe "good cause" broadly. *Enron,* 10 F.3d at 96; *see also Meehan,* 652 F.2d at 277. Three principal factors apply in assessing whether good cause has been shown: 1) whether the default

4

was willful; 2) whether setting aside the clerk's entry of default would prejudice the adversary; and 3) whether a meritorious defense is presented. *Enron,* 10 F.3d at 96. Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result. *Enron,* 10 F.3d at 96. Although a district court has discretion when evaluating these factors, defaults generally are disfavored, particularly when the case presents issues of fact. *Meehan,* 652 F.2d at 277.

"The sanction of judgment by default ... is the most severe sanction which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited." *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir.1964). In other words "[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan,* 652 F.2d at 277. It follows then, that doubts are to be resolved in favor of a trial on the merits. *Sony Corp. v. Elm State Electronics, Inc.,* 800 F.2d 317, 320 (2d Cir.1986).

    **IV.**   **Application of Standard**

5

Willfulness does not generally include conduct that is careless or negligent. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996). Dyevich's mistaken belief that he could appear *pro se* on behalf of the corporations does not appear to be willful. Indeed, there is no indication that the defendants acted in bad faith in failing to timely defend. Furthermore, setting aside the entry of default will not prejudice plaintiffs. Prejudice results when delay causes "the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (citation omitted). Here, discovery has not expired. See *Dkt. No. 143*.

Lastly, defendants have presented evidence of meritorious defenses. Specifically, defendants assert that the mattresses sold by Comfort Direct were not covered by the patent at issue and that Atlantis Industries had nothing to do with the sale of mattresses because it was a holding company set up for tax purposes. "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *Niepoth*, 177 F.R.D. at 113 (internal citation omitted). "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Id.* (citation omitted). Here, defendants have

6

provided evidence of these defenses sufficient to set aside entry of default.

Accordingly, since the defendants have demonstrated that its default was not willful, that plaintiffs will suffer no prejudice, and that it has a meritorious defense, the entry of default is vacated. For the reasons stated above, defendants' motion to vacate entry of default is GRANTED.

Date:   November 21, 2005
        Albany, New York

_____
Gary L. Sharpe
U.S. District Judge