**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN M. GATES and ROBERT W. WILNER,**

                **Plaintiffs,**                No. 03-cv-0763
                                                         (GLS-DRH)
                v.

**COMFORT DIRECT, INC., ATLANTIS MEDICAL, INC., and ATLANTIS INDUSTRIES,**

                **Defendants.**
_____

**APPEARANCES:**            **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Office of William P. Fanciullo     WILLIAM P. FANCIULLO, ESQ.
61 Columbia Street, Suite 300
Albany, New York 12210

Roemer, Wallens Law Firm     MATTHEW J. KELLY, ESQ.
13 Columbia Circle
Albany, New York 12203

**Gary L. Sharpe
U.S. District Judge**

## SUMMARY ORDER

On January 7, 2008, the court entered default as to defendants

Comfort Direct, Inc., Atlantis Medical, Inc., and Atlantis Industries (the

"defaulting entities") due to their failure to appear at a pre-trial motion hearing. Pending is the plaintiffs' motion for a default judgment against these three defendants. (Dkt. No. 293.) For the reasons that follow, the plaintiffs' motion is granted.

The defaulting entities are controlled by Kevin Dyevich, a former defendant in this case. Dyevich and the defaulting entities were, at one time, represented by attorney Paul Davenport. However, at a hearing on January 7, 2008, the court granted Mr. Davenport's motion to withdraw. Dyevich failed to appear at the January 7 hearing, in spite of the fact that Mr. Davenport, at the court's request, directed him to appear. In light of his failure to appear, the court entered default as to the defaulting entities and entered a conditional default as to Dyevich. The court directed Mr. Davenport to inform Dyevich that he would be given the opportunity to convince the court to lift the default if he appeared at the final pre-trial conference. Dyevich did appear at the final pre-trial conference on January 14, 2008, and, consequently, the court lifted the default as against him. At the conference, the court informed Dyevich that the default would remain in place as to the defaulting entities because, as corporations, they were

2

required to be represented by counsel.[1]

Shortly before trial was to commence, a settlement was reached between the plaintiffs and a number of the defendants. As part of the settlement, all claims against Dyevich were dismissed. (*See* Amended Partial Judgment dated January 25, 2008; Dkt. No. 291.) The claims against the defaulting entities were not dismissed. On May 7, 2008, the plaintiffs filed their motion for a default judgment against these three remaining defendants. (Dkt. No. 293.) The motion and the accompanying expert report on damages were served on Dyevich. (*See* Certificate of Service; Dkt. No. 294.) The defaulting entities have not opposed the plaintiffs' motion.

The entry of a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of the court. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). It is well settled that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). Accordingly, the

---

[1]The court had also informed Dyevich of this requirement at a hearing on April 15, 2004, at which it granted Dyevich's request to proceed pro se, but denied his request to represent the defaulting entities. (*See* Minute Entry; Dkt. No. 65.)

3

court deems the defaulting entities' liability to be conceded.  As to damages, a party's default is not considered an admission of damages. *See id.*  However, where, as here, the party seeking default has submitted affidavits and documentary evidence supporting its damages calculations, the court may accept and adopt such calculations to the extent that they are supported by the record.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999); *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).  The court has reviewed the expert report submitted by the plaintiffs and, in the face of no contradictory evidence, finds that the asserted damages are supported by the expert's calculations.  Accordingly, the court grants the requested default judgment and awards damages of $170,745,000.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motion for a default judgment against Atlantis Industries, Comfort Direct, Inc., and Atlantis Medical, Inc., is GRANTED; and it is further

**ORDERED** that the clerk is directed to enter judgment against Atlantis Industries, Comfort Direct, Inc., and Atlantis Medical, Inc., jointly and severally, in the amount of $170,745,000.

**IT IS SO ORDERED.**

Albany, New York
September 8, 2008

Gary L. Sharpe
U.S. District Judge